

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. S. Clark, Chairman
Board of Water Engineers
Austin, Texas

Dear Sir:

Opinion No. O-3605
Re: Payment for repairs on
automobiles used in
stream measurement work.

We have received your letter of recent date asking whether funds appropriated to the Board of Water Engineers for "stream measurement, topographic surveys and statistical compilations in cooperation with U. S. Government" may be used to pay for repairs on automobiles purchased by the U. S. Geological Survey and used in stream measurement work in this State. We quote in part from your letter as follows:

"Since 1915 the Board of Water Engineers has had a written agreement with the Surface Water Division of the United States Geological Survey whereby the U. S. Government matches the State dollar for dollar in carrying on stream measurement work in Texas.

"The Federal funds allotted to the Texas Division of the U. S. Geological Survey, by the U. S. Government, for stream measurement can only be spent in Texas for such purpose. Likewise, State funds made available to the Board of Water Engineers, by the Legislature, for stream measurement can only be spent for such purpose in cooperation with the U. S. Geological Survey or other Federal Agency.

"In carrying on stream measurement work it is necessary for the Board of Water Engineers and the U. S. Geological Survey to own and operate a number of automobiles. Some of these

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT



automobiles are purchased with Federal funds and some with State funds, but all are assigned to, and used exclusively in cooperative stream measurement work on Texas streams. Heretofore it has been the practice of the Board of Water Engineers to approve for payment accounts covering repairs and parts for automobiles used in stream measurement out of state funds made available for that purpose, by the Legislature, regardless of whether the automobile was purchased with Federal or with State funds. At other times the U. S. Geological Survey has paid such accounts without regard to the funds out of which the automobile was purchased. The only requirement being that the automobile is used in stream measurement work in Texas."

We have been informed by your department that the automobiles purchased with federal funds allotted to the Texas Division of the U. S. Geological Survey may be used only in Texas. We have also been informed that all the data obtained by the employees, whether federal or state employees, who use these cars, is used by, and is on file in, your office.

The item of appropriation with which you are concerned reads as follows:

"STATE BOARD OF WATER ENGINEERS

|  | For the Years Ending | |
|  | August 31, 1940 | August 31, 1941 |

" * * *

"3.  Stream measurement, topographic surveys and statistical compilations in cooperation with U. S. Government - - - - - - $20,000.00 $20,000.00

" * * *

(Acts 1939, 46th Leg., R. S., Sp. L., Ch. 6. S. B. 427, p. 64)

We are of the opinion that the funds mentioned in above quoted appropriation may be used for the payment of the repairs to the automobiles used in such work.

It is manifest that automobiles are necessary to accomplish effectively stream measurement and topographic survey work. Employees and equipment must be transported. It is necessary that these automobiles must be kept in repair so that the stream measurement work can be satisfactorily carried out; it follows, therefore, that repairs to the cars may be paid from the above mentioned appropriation. Compare Terrell v. Sparks, 104 Tex. 191, 135 S. W. 519.

Must these cars be owned by this State before payment for repairs may be made with State funds? We think not. You state that the Board of Water Engineers has a written agreement with the Surface Water Division of the U. S. Geological Survey whereby the Federal government matches dollar for dollar in carrying on stream measurement work in Texas. The appropriation to the Board of Water Engineers is made for "Stream measurement . . . in cooperation with U. S. Government." (Emphasis ours). It is apparent that funds spent for repairs on these cars would be "in cooperation with U. S. Government." The instant situation may well be compared to an automobile lease contract whereby the lessee agrees to keep the automobile in repair.

You state in your letter that in the past the Board of Water Engineers has approved for payment accounts covering repairs to automobiles used in stream measurement work regardless of whether such automobiles were purchased with federal funds or with state funds. We deem it proper to quote from Corpus Juris, Volume 59, pages 263-264, as follows:

> " * * * When the meaning of an appropriation act is doubtful the construction placed upon it by the officers charged with the administration thereof is entitled to considerable weight, but is not controlling when it is clearly wrong. * * * "

In view of the foregoing, it is the considered opinion of this department that the Board of Water Engineers may legally approve for payment, and the accounting officials of this State may legally pay, vouchers covering repairs to the automobiles purchased with Federal funds allotted to the Texas Division of the U. S. Geological Survey for stream measurement when such automobiles are assigned to and used exclusively in such work.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *James P. Hart*

James P. Hart
Assistant

By *George W. Sparks*

George W. Sparks

GWS:ej

APPROVED JUN 26, 1941

*Glenn R. Lewis*

*Acting* ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN